2000 OK CIV APP 148

**Joi B. WALL, Petitioner,**

v.

**CONTINENTAL AIRLINES, Insurance Company of Pennsylvania, and the Workers' Compensation Court, Respondents.**

**No. 94,601.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 6, 2000.

Certiorari Denied Dec. 12, 2000.

Dale F. Whitten, Whitten, MacKenzie, Whitten and Barnhart, Tulsa, Oklahoma, For Petitioner.

Wilson T. White, Andrew D. Downing, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, Oklahoma, For Respondents Continental, Airlines and Insurance Company of Pennsylvania.

BUETTNER, Judge:

¶ 1 A three-judge panel of the Workers' Compensation Court unanimously affirmed the trial court's order declining jurisdiction over the case on the ground that the employment contract was formed in Texas, not Oklahoma. There was no allegation that the injury occurred in Oklahoma. On *de novo* review, we sustain the order.

¶ 2 Petitioner Joi B. Wall, then living in Tulsa, Oklahoma, answered a newspaper advertisement placed by Continental Airlines. She submitted her resume and after an interview in Tulsa, was accepted into the flight attendant training course in Houston, Texas. The letter accepting her into the training program states in part:

Dear Flight Attendant Trainee:

Congratulations! You have been accepted for a slot in a flight attendant training class for Continental Airlines. Once you have successfully completed training class, you will be offered a permanent position as a replacement for a flight attendant who is currently on strike.

¶ 3 Wall successfully finished the training course in August 1984, was offered and accepted permanent employment and began her fifteen year career with Continental Airlines September 1, 1984. Her last day of work for the airlines was in March, 1999. She received long-term disability payments through the company.

¶ 4 On June 5, 1999, she filed her Form 3 in Oklahoma, alleging cumulative trauma to her neck, back, hips, left leg, left arm, head, and hands resulting from pulling, pushing, and lifting suitcases and repetitive action. She testified that she first felt pain in October 1998.

¶ 5 Decisions by the Workers' Compensation Court concerning jurisdictional fact issues are reviewed *de novo*. *Garrison v. Bechtel Corporation,* 1995 OK 2, 889 P.2d 273, 283.

¶ 6 In the case at hand, the parties concentrate on the place of final assent to the offer. *Id.* at 281 ("Generally, a contract is deemed to have been made where the final assent to the offer is given.") Wall contends that her assent to attend the training program began the employment relationship, vesting jurisdiction in Oklahoma. Continental Airlines, on the other hand, claims that the training program was a condition precedent to the offer of employment, which was extended and accepted in Texas.

¶ 7 What is noteworthy, however, is that there is no allegation of injury during the training program. We need not decide whether injuries incurred or begun during a training program may be covered by the Workers' Compensation Act. However, there is no question that acceptance into the training program was not an offer of permanent employment. Such an offer, and Petitioner's acceptance, would only take place after successful completion of the training program. That is what the letter said, and Petitioner offered no contradicting evidence.

¶ 8 The cumulative trauma was first noticed by Wall in 1994, ten years after her permanent hire in Texas. For this reason,

we agree with the Workers' Compensation Court's finding that Oklahoma did not have jurisdiction over the case. The final assent for permanent employment happened in Texas and therefore Oklahoma does not have jurisdiction over the matter. With no assertion or evidence presented that the injury began or was incurred during the training period, acceptance of the permanent hire begins the relevant period.

¶ 9 On *de novo* review, we SUSTAIN the order of the three-judge panel affirming the trial court's declination of jurisdiction.

¶ 10 JONES, P.J., and GARRETT, J., concur.